ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| FRANCIS & GUEITS LAW OFFICES, P.S.C. y CHRISTIAN J. FRANCIS MARTINEZ<br><br>Apelantes<br><br>v.<br><br>MUNICIPIO AUTONOMO DE CAGUAS; HON. WILLIAM E. MIRANDA TORRES, ALEX M. RIVERA LONGHAMPS Y OTROS<br><br>Apelados | TA2025AP00124<br><br><br>consolidado con | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2024CV03364<br><br>Sobre:<br>Cobro de Dinero ordinario y otros, Interferencia Torticera; Libelo, Calumnia o Difamación; Incumplimiento de Contrato |
| FRANCIS & GUEITS LAW OFFICES, P.S.C. y CHRISTIAN J. FRANCIS MARTINEZ<br><br>Apelantes<br><br>v.<br><br>MUNICIPIO AUTONOMO DE CAGUAS; HON. WILLIAM E. MIRANDA TORRES, ALEX M. RIVERA LONGHAMPS Y OTROS<br><br>Apelados | TA2025CE00192<br><br><br>consolidado con | Recurso de *Certiorari,* acogido como *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2024CV03364<br><br>Sobre:<br>Cobro de Dinero ordinario y otros, Interferencia Torticera; Libelo, Calumnia o Difamación; Incumplimiento de Contrato |
| FRANCIS & GUEITS LAW OFFICES, P.S.C. y CHRISTIAN J. FRANCIS MARTINEZ<br><br>Apelantes<br><br>v.<br><br>MUNICIPIO AUTONOMO DE CAGUAS; HON. WILLIAM E. MIRANDA TORRES, ALEX M. RIVERA LONGHAMPS Y OTROS<br><br>Apelados | TA2025AP00193<br><br><br>consolidado con | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2024CV03364<br><br>Sobre:<br>Cobro de Dinero ordinario y otros, Interferencia Torticera; Libelo, Calumnia o Difamación; Incumplimiento de Contrato |

| | | |
|---|---|---|
| FRANCIS & GUEITS LAW OFFICES, P.S.C. y CHRISTIAN J. FRANCIS MARTINEZ<br><br>Apelantes<br><br>v.<br><br>MUNICIPIO AUTONOMO DE CAGUAS; HON. WILLIAM E. MIRANDA TORRES, ALEX M. RIVERA LONGHAMPS Y OTROS<br><br>Apelados | TA2025AP00210 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2024CV03364<br><br>Sobre: Cobro de Dinero ordinario y otros, Interferencia Torticera; Libelo, Calumnia o Difamación; Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de octubre de 2025.

Comparecen Francis & Gueits Law Offices, P.S.C. ("Francis & Gueits") y Christian J. Francis Martínez ("Lcdo. Francis Martínez") (en conjunto, "Codemandantes") mediante *Apelación*, clasificada alfanuméricamente como **TA2025AP00124**, y solicitan que revoquemos la *Sentencia* emitida y notificada el 25 de junio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas ("TPI"). En virtud del referido dictamen, el TPI desestimó la reclamación instada por los apelantes en contra de Alex Rivera Longchamps ("Lcdo. Rivera Longchamps"), su esposa, Anilda Rosa Montañez y la Sociedad Legal de Gananciales ("SLG") compuesta por ambos.

A su vez, los codemandantes comparecen mediante una segunda *Apelación*, clasificada alfanuméricamente como **TA2025AP00192**, y nos solicitan que revoquemos la *Sentencia* emitida el 1 de julio de 2025 y notificada el 2 de julio de 2025, por el TPI. Mediante el referido dictamen, el TPI desestimó la demanda incoada en contra de Mónica Y. Vega Conde ("Lcda. Vega Conde"), Asesora Ejecutiva del Municipio de Caguas, en su capacidad personal, ya que sus acciones están cobijadas por la defensa de inmunidad condicionada.

Además, comparecen mediante una tercera *Apelación,* clasificada alfanuméricamente como **TA2025AP00210** y nos solicitan que revoquemos la *Sentencia Parcial* dictada el 25 de junio de 2025 por el TPI. En virtud del referido dictamen, el TPI desestimó la reclamación en cuanto a Luis A. Vázquez García ("Lcdo. Vázquez García"), su esposa Leida F. Ramos Merced y la Sociedad Legal de Gananciales compuesta por ambos, al concluir que las alegaciones en su contra constituyen especulaciones y conclusiones de terceros.

Por último, los codemandantes comparecen mediante *Certiorari,* acogido como apelación, clasificado alfanuméricamente como **TA2025CE00192**[1]**,** y nos solicitan que revoquemos la *Resolución Sobre Moción de Desestimación por Inmunidad Condicionada* emitida el 16 de diciembre de 2024 por el TPI. A través de la aludida determinación, el TPI desestimó la reclamación presentada en contra del Hon. William E. Miranda Torres ("Hon. Miranda Torres"), en su capacidad personal, debido a que sus acciones están cobijadas por la defensa de inmunidad condicionada.

Por los fundamentos que proceden, se *confirman* los dictámenes apelados mediante los recursos **TA2025AP00124**, **TA2025AP00192**, **TA2025AP00210** y **TA2025CE00193**.

**I.**

El 11 de septiembre de 2024, Francis & Gueits y el Lcdo. Francis Martínez instaron una *Demanda* sobre interferencia torticera con las relaciones contractuales de terceros, incumplimiento contractual, difamación en su vertiente de libelo, discrimen político, enriquecimiento injusto y ganancias dejadas de percibir contra el Municipio Autónomo de Caguas ("Municipio"), su alcalde, el Hon. Miranda Torres, la Lcda. Vega Conde, Asesora Ejecutiva del Municipio, el Lcdo. Rivera Longchamps y el Lcdo. Vázquez García, entre otros.

---

[1] Se acoge como una apelación, por ser lo procedente en Derecho. No obstante, conservará su clasificación alfanumérica.

En apretada síntesis, señalaron que el 11 de mayo de 2021, el Municipio suscribió un contrato de servicios profesionales, Contrato Núm. 2021-003141 ("Contrato"), con la firma legal Francis & Gueits. Manifestaron que, durante el año 2023, surgieron diversas controversias relacionadas al manejo de la erradicación de estorbos públicos ante el Tribunal, por parte del Lcdo. Francis Martínez. Expresaron que dichas controversias desencadenaron una investigación sobre el proceder de los casos. Asimismo, alegaron que la referida investigación, la cual resultó en la cancelación del Contrato, fue el resultado de discrimen político en contra el Lcdo. Francis Martínez y un presunto esquema de fraude dentro del Municipio.

Tras varias instancias procesales, el 18 de noviembre de 2024, el Hon. Miranda Torres, en su carácter personal, instó una *Moción de Desestimación por Inmunidad Condicionada*. Manifestó que las alegaciones formuladas en su contra se procuraron en el entorno de su posición como alcalde de Caguas y como funcionario público. Por tanto, arguyó que tales actos estaban cobijados por la doctrina de inmunidad condicionada que protege a los funcionarios públicos.

Sucesivamente, el 3 de diciembre de 2024, el Lcdo. Rivera Longchamps presentó una *Moción de Desestimación*, bajo la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2 (5). Señaló que mantiene una relación contractual con el Municipio para la prestación de servicios legales. Expresó que, como parte de sus funciones, el Municipio meramente le encomendó la tarea de realizar una investigación relacionada a los contratos otorgados para el manejo de estorbos públicos. Al amparo de ello, razonó que aun tomando como ciertas las alegaciones formuladas en su contra, no existía razón para conceder un remedio.

El 4 de diciembre de 2024, los codemandantes notificaron su *Oposición a "Moción de Desestimación por Inmunidad Condicionada"*. En apretada síntesis, arguyeron que no todas las alegaciones en contra del Hon. Miranda Torres estaban relacionadas a sus funciones oficiales. Además,

explicaron que la inmunidad condicionada no puede ser un escudo para la comisión de actos ilegales o corruptos. De manera particular, manifestaron que, conforme surgía de las alegaciones, tenían conocimiento de que el Municipio, por instrucciones del alcalde, pretendía cobrar de manera ilegal la contribución de propiedad inmueble a los potenciales adquirentes de las propiedades declaradas como estorbos públicos. Además, destacaron que la cancelación del Contrato tuvo como fin proteger la imagen del Hon. Miranda Torres. Como resultado, sostuvieron que no procedía la desestimación de la reclamación en contra del alcalde.

Posteriormente, el 12 de diciembre de 2025, la Lcda. Vega Conde presentó una *Moción de Desestimación*. Alegó que procedía la desestimación de la demanda instada en su carácter personal, bajo la doctrina de inmunidad condicionada. Expuso que, aun tomando como ciertos todos los hechos bien alegados, no se desprenden alegaciones plausibles de mala fe o malicia en su conducta. En específico, resaltó que, como parte de sus funciones, firmó el contrato suscrito entre el Municipio y Francis & Gueits, cuestionó los métodos de facturación utilizados por el Lcdo. Francis Martínez y solicitó informes de progresos de los trabajos realizados. Así, pues, explicó que debido al hecho de que solo ejerció los deberes y responsabilidades de su cargo, dentro del ejercicio de sus funciones discrecionales, procede la desestimación de la reclamación en su calidad personal.

El 13 de diciembre de 2024, notificada el 16 de diciembre de 2024, el foro de instancia, emitió una *Resolución sobre Desestimación por Inmunidad Condicionada*. En virtud del referido dictamen, desestimó sin perjuicio la reclamación en contra del Hon. Miranda Torres, en su carácter personal, por entender que sus acciones gozaban de inmunidad condicionada. Fundamentó, además, que las alegaciones contra el Hon. Miranda Torres estaban basadas en prueba de referencia. No obstante, el TPI dispuso que, en caso de que el descubrimiento de prueba revelara los méritos de una

reclamación, dejó abierta la posibilidad de volver a plantear la responsabilidad personal del alcalde.

Inconformes con la desestimación de la demanda en contra del alcalde en su carácter personal, el 2 de enero de 2025, los codemandantes presentaron una solicitud de reconsideración.

Luego, el 8 de enero de 2025, el Lcdo. Vázquez García radicó una *Moción de Desestimación*, al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*. Manifestó que la demanda incluía alegaciones informativas sobre hechos conocidos y conversaciones con el Lcdo. Rivera Longchamps. Esbozó, además, que carecían de especificidad y no señalaban actos que evidenciaran una conducta maliciosa o dolosa. A su vez, adujo que las alegaciones no exponían un nexo directo que permitiera concluir que actuó de manera intencional o dolosa para perjudicar la relación contractual de la parte demandante con el Municipio.

El 24 de enero de 2025, los codemandantes instaron su *Oposición a "Moción de Desestimación por Inmunidad Condicionada"*, con relación a la solicitud instada por la Lcda. Vega Conde. Particularizaron que las acciones de la codemandada, al pretender obligar al Lcdo. Francis Martínez a cobrar una contribución ilegal y discriminarlo por pertenecer a otro partido político, ocasionó la cancelación del contrato. Explicaron que sus actos resultaban incompatibles con la defensa de inmunidad condicionada. Por tanto, sostuvieron que la Lcda. Vega Conde actuó de forma dolosa y maliciosa, razón por la cual no procedía aplicar dicha defensa.

Por otro lado, el 27 de enero de 2025, los codemandantes notificaron una *Oposición a Solicitud de Desestimación*, con relación a la solicitud presentada por el Lcdo. Rivera Longchamps. Señalaron que el Lcdo. Rivera Longchamps incurrió en conducta de carácter dolosa al interferir con la relación contractual de los codemandantes con el Municipio y promover la cancelación del contrato con la intención de favorecer al Lcdo. Vázquez García. Siendo así, arguyeron que las alegaciones cumplían con el estándar de plausibilidad, por lo que no procedía la desestimación de la reclamación.

El 17 de febrero de 2025, los codemandantes presentaron su *Oposición a Solicitud de Desestimación*, atinente a la solicitud instada por el Lcdo. Vázquez García. En cuanto a las alegaciones correspondientes a los actos del Lcdo. Vázquez García, adujeron que se alegó que desplegó una conducta dolosa al interferir con la relación contractual y promover su cancelación con el fin de que se le asignaran las funciones y tareas realizadas por los codemandantes.

Tras una serie de trámites procesales, el 25 de junio de 2025, el foro de instancia denegó la solicitud de reconsideración relacionada a la *Resolución sobre Desestimación por Inmunidad Condicionada*, correspondiente al Hon. Miranda Torres.

Por otra parte, atinente a las solicitudes de desestimación instadas por el Lcdo. Rivera Longchamps y el Lcdo. Vázquez García, ese mismo día, el foro de instancia emitió dos (2) Sentencias Parciales. En virtud de los referidos dictámenes, desestimó las reclamaciones instadas en contra de ambos, tras determinar que las alegaciones en que se mencionan a los codemandados no cumplen con el estándar de factibilidad. Añadió que las alegaciones en contra de estos consisten en especulaciones y conclusiones sobre expresiones de terceros, no atribuibles al Lcdo. Rivera Longchamps o al Lcdo. Vázquez García. En cuanto al Lcdo. Rivera Longchamps precisó que:

> [E]l mero hecho de que el [...] Municipio le encomendó la tarea de llevar a cabo cierto trabajo legal de investigación en torno a los contratos otorgados por el Municipio para el manejo de estorbos públicos, no es razón suficiente para llegar a la conclusión de que sus actuaciones son culpables.[2]

Asimismo, con relación al Lcdo. Vázquez García, el foro de instancia razonó que "el mero hecho de que [...] aceptó la encomienda del Municipio de Caguas de darle continuidad a los casos pendientes ante el Tribunal no es razón suficiente para llegar a la conclusión de que sus actuaciones son culpables".[3]

---

[2] *Véase*, Apéndice del recurso TA2025AP00124, Entrada Núm. 152, págs. 1-2.
[3] *Véase*, Apéndice del recurso TA2025AP00210, Entrada Núm. 150, págs. 1-2.

De manera similar, el TPI desestimó la demanda incoada en contra de la Lcda. Vega Conde mediante *Sentencia Parcial* dictada el 1 de julio de 2025, notificada el día siguiente. Concluyó que no surgían alegaciones plausibles que permitan concluir que la codemandada ejerció con mala fe sus funciones discrecionales como Asesora Ejecutiva. Así dispuesto, razonó que la Lcda. Vega Conde descargó los deberes y responsabilidades de su cargo, dentro del ejercicio de sus funciones discrecionales. Por tanto, determinó que sus acciones están cobijadas por la inmunidad condicionada que protege a los funcionarios públicos contra reclamaciones de daños en su carácter personal.

Inconformes con las Sentencias Parciales, Francis & Gueits y el Lcdo. Francis Martínez, oportunamente, presentaron solicitudes de reconsideración, las cuales fueron denegadas por el foro de instancia.

Insatisfechos aún con la *Sentencia Parcial* que desestimó la Demanda en contra del Lcdo. Longchamps Rivera, el 14 de julio de 2025, los codemandantes comparecieron, de manera conjunta, ante esta Curia mediante *Apelación*, clasificada alfanuméricamente como **TA2025AP00124**. Los codemandantes realizaron los siguientes señalamientos de errores:

> **Erró el Tribunal de Primera Instancia al concluir que las alegaciones contra Alex M. Rivera Longchamps incluidas en la demanda eran especulativas y que eran conclusiones de terceros.**

> **Erró el Tribunal de Primera Instancia al dictaminar que la aplicación de la cláusula resolutoria del contrato en controversia por parte del Municipio Autónomo de Caguas exime de responsabilidad a Alex Rivera Longchamps.**

A su vez, apelan la *Sentencia Parcial* en virtud de la cual se desestimó la reclamación en contra de la Lcda. Vega Conde, mediante el recurso de *Apelación* clasificado alfanuméricamente como **TA2025AP00193**. Le imputan al foro de instancia la comisión de los siguientes errores:

> **Erró el Tribunal de Primera Instancia al concluir que, de las alegaciones incluidas en la demanda, y tomadas estas como ciertas, no surgen causas de acción en contra de Mónica Vega Conde en su capacidad personal.**

**Erró el Tribunal de Primera Instancia al reconocer la aplicabilidad de la defensa de inmunidad condicionada a la Apelada Mónica Vega Conde.**

Por otra parte, a través del recurso de *Apelación* clasificado alfanuméricamente como **TA2025AP00210**, nos solicitan que revoquemos la *Sentencia Parcial* mediante la cual se desestimó la acción en contra del Lcdo. Vázquez García. Como corolario, formulan los siguientes señalamientos de errores:

**Erró el Tribunal de Primera Instancia al concluir que las alegaciones contra Luis A. Vázquez García incluidas en la demanda eran especulativas y que eran conclusiones de terceros.**

**Erró el Tribunal de Primera Instancia al dictaminar que la aplicación de la cláusula resolutoria del contrato en controversia por parte del Municipio Autónomo de Caguas exime de responsabilidad a Luis A. Vázquez García por este meramente haber comparecido como abogado.**

Finalmente, mediante recurso de *certiorari*, clasificado alfanuméricamente como **TA2025CE00192**, nos solicitan que revoquemos la *Resolución* a través de la cual se desestimó la reclamación en contra del Hon. Miranda Torres. Los codemandantes le imputan al foro de instancia la comisión de los siguientes errores:

**Erró el Tribunal de Primera Instancia al concluir que, de las alegaciones incluidas en la demanda, tomadas como ciertas no surgen causas de acción en contra del Hon. William E. Miranda Torres en su capacidad personal.**

**Erró el Tribunal de Primera Instancia al reconocer la aplicabilidad de la defensa de inmunidad condicionada al Hon. William E. Miranda Torres.**

Por su estrecha relación, el 19 de agosto de 2025, notificada el día siguiente, este Tribunal emitió una *Resolución* en virtud de la cual consolidamos los recursos. El 18 de septiembre de 2025, con relación al recurso **TA2025AP00124**, el Lcdo. Rivera Longchamps presentó su *Alegato de los codemandados-apelados Lcdo. Alex M. Rivera Longchamps y su esposa Anilda Rosa Montañez en oposición a la apelación promovida por las partes codemandantes – apelantes*. Por otra parte, el día siguiente, la Lcda. Vega Conde instó su *Alegato en Oposición*, correspondiente al recurso **TA2025AP00193**. En igual fecha, el Hon. Miranda Torres instó su *Alegato*

*en Oposición* al recurso **TA2025CE00192**. El 29 de septiembre de 2025, el Lcdo. Vázquez García notificó su *Alegato en Oposición* al recurso **TA2025AP00210**. Perfeccionados los recursos y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

### *A. Desestimación*

Nuestro esquema procesal no exige requisitos complicados para la redacción de una acción judicial. *Rivera Candela v. Universal Insurance Company,* 2024 TSPR 99, 214 DPR ___ (2024); *León Torres v. Rivera Lebrón,* 204 DPR 20, 40 (2020). A esos fines, la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, regula los elementos concernientes a las alegaciones, a saber: (1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derecho. Podrán, también, ser solicitados remedios alternativos o de diversa naturaleza. 32 LPRA Ap. V, R. 6.1.

Basta redactar una información inicial escueta de los hechos pues las alegaciones serán ampliadas "como resultado de los procedimientos posteriores de descubrimiento de prueba". *Rivera Candela v. Universal Insurance Company, supra* (citando a J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño,* 3a ed. rev., Bogotá, Ed. Nomos, S.A., 2023, pág. 92). Lo esencial es notificar a la parte adversa, a grandes rasgos, sobre cuáles son las reclamaciones en su contra para que pueda comparecer si así lo desea. *Torres, Torres v. Torres Serrano,* 179 DPR 481, 501 (2010); *Sánchez v. Aut. de los Puertos, Sánchez v. Aut. de los Puertos,* 153 DPR 559, 569-570 (2001).

No obstante, cuando la reclamación judicial instada carezca de alegaciones específicas o suficientes, la parte adversa tiene el derecho de solicitar la desestimación a tenor con la Regla 10.2(5) de Procedimiento Civil, *supra,* 32 LPRA Ap. V, R. 10.2(5). Véase, también, *Eagle Security Police, Inc. v. Dorado,* 211 DPR 70, 83 (2023). En específico, el precitado inciso reglamentario dispone que procede la desestimación por dejar de exponer una reclamación que justifique la concesión de un remedio. 32 LPRA Ap. V,

R. 10.2(5). Ahora bien, como norma general, no procede la desestimación salvo se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012).

En estos casos, el tribunal tiene el deber de interpretar las alegaciones de manera conjunta y liberalmente a favor de la parte demandante para facilitar el amparo judicial. *Eagle Security Police, Inc. v. Dorado*, *supra*, pág. 85. Particularmente le compete "ponderar si, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es suficiente para establecer una reclamación válida". *Íd.* Ello evita que un litigante quede privado de su día en corte, que es una medida procedente solo en casos extremos. *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523 (2024) (citando a R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 307).

Conviene señalar que, el Tribunal Supremo de Puerto Rico en *Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384, 397 (2022), discute el examen aplicable a las mociones fundamentadas en la insuficiencia de las alegaciones:

> [A]l interpretar de manera conjunta las citadas Reglas 6.1 y 10.2, podemos colegir que cuando se pretende desestimar la totalidad de una demanda que solicita remedios alternativos, se debe examinar si las alegaciones sustentan la concesión de dichos remedios. Es decir, como las alegaciones pretenden bosquejar las distintas reclamaciones y proveer a cada una de ellas unos remedios, una moción de desestimación sobre la totalidad de la demanda debe mover la conciencia del juzgador a concluir que, si al dar por cierto las alegaciones bien hechas, no existe remedio al que la parte tenga derecho. El juzgador deberá auscultar, en ese sentido, si la parte demandante no tiene derecho alguno a que se ventile el pleito, ya sea al amparo del remedio principal o del alternativo.

Una vez el juzgador analice ponderadamente que, de manera principal o en la alternativa, no existe remedio alguno en derecho, se encontrará en posición para decidir si desestima total o parcialmente una demanda. *La Comisión de los Puertos de Mayagüez v. González Freyre*, 211 DPR 579, 615 (2023). Si luego comprende que no se cumple con el estándar de

plausibilidad, entonces debe desestimar la acción judicial, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se probarán las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena v. Magic Sport Culinary Corp., supra*, (citando a R. Hernández Colón, *Derecho Procesal Civil, supra*, pág. 307). En cambio, si concluye que las alegaciones cumplen con el estándar de suficiencia le corresponde denegar la petición de desestimación.

### B. Inmunidad condicionada de los funcionarios públicos

Como cuestión de política pública, los servidores públicos gozan de inmunidad condicionada contra demandas presentadas en su contra, por el hecho de haber ejercido de forma razonable y de buena fe las funciones de su cargo que contienen un elemento de discreción. *De Paz Lisk v. Aponte Roque*, 124 DPR 472, 495 (1989). Dicha inmunidad "opera como una limitación sustantiva de la responsabilidad personal por daños en que puedan incurrir dichos funcionarios en el descargo de sus deberes y responsabilidades oficiales". *García v. E.L.A.*, 163 DPR 800, 820 (2005). Así, pues, permite que los funcionarios actúen con libertad y tomen decisiones sin sentir amenazas contra sus patrimonios. *De Paz Lisk v. Aponte Roque*, *supra*, pág. 495.

A manera de excepción, un funcionario público es responsable cuando: (1) no actúa de buena fe; o (2) actúa de buena fe, pero actúa de manera irrazonable o si debió haber sabido que su conducta era ilegal. *Íd.*, pág. 262. En otras palabras, la inmunidad condicionada no cubre actuaciones dolosas, fraudulentas, maliciosas o delictivas. *Romero Arroyo v. E.L.A.*, 127 DPR 724, 743 (1991).

Ahora bien, al levantar la inmunidad condicionada como una defensa afirmativa, le compete al funcionario público probar que está cobijado por dicha protección. *Acevedo v. Srio. Servicios Sociales*, 112 DPR 256, 263 (1982). A su vez, ante una alegación de inmunidad, el foro de instancia deberá analizar: (1) si la ley estaba claramente establecida al momento de los hechos; y (2) de ser así, si el funcionario tenía conocimiento o si

razonablemente debió haber tenido conocimiento de que sus actuaciones violaban los derechos del demandante. *Wilson v. Layne,* 526 US 603, 609 (1999).

### C. Incumplimiento contractual

Los contratos son negocios jurídicos que existen desde que concurren los requisitos de consentimiento, objeto y causa. Art 1230 del Código Civil, 31 LPRA sec. 9751. Desde ese momento, se producen obligaciones que tienen fuerza de ley entre los contratantes. Art. 1233 del Código Civil, 31 LPRA sec. 9754.

La parte que alega haber sufrido daños como resultado de un incumplimiento contractual podrá presentar una reclamación por resarcimiento de daños al amparo del Art. 1158 del Código Civil, 31 LPRA sec. 9303. Los daños y perjuicios contemplados en el precitado artículo se refieren "a actos u omisiones voluntarios que conllevan la inobservancia de obligaciones anteriormente acordadas". *Maderas Tratadas v. Sun Alliance*, 185 DPR 880, 909 (2012).

El reclamante debe probar que los daños fueron ocasionados por el incumplimiento culposo o dolosa de una obligación contractual. *Muniz-Olivari v. Stiefel Labs*, 174 DPR 813, 819 (2008). Además, tiene que evidenciar que existe "una relación de causa y efecto entre el incumplimiento y los daños sobrevenidos". *Íd.* Por otra parte, debe identificar el modo del incumplimiento y su causa, con el fin de establecer, dentro de la normativa privada que regula la obligación, cuál es la sanción que el Derecho reserva al acreedor y cuál es el alcance de esa prerrogativa. J. R. Vélez Torres, *Derecho de obligaciones Curso de Derecho Civil,* 2da ed., San Juan, Universidad Interamericana de Puerto Rico, 1997, pág. 277.

Al instarse una causa de acción por incumplimiento contractual, las alegaciones de la demanda deben ser suficientes para establecer los elementos constitutivos del incumplimiento con la obligación. *Mayagüez Hilton Corp. v. Betancourt,* 156 DPR 234 (2002). A su vez, los hechos alegados por el demandante deben ser suficientes para demostrar que los

daños han sido causados por la culpa o negligencia del demandado, aunque no se utilicen las palabras "culpa" o "negligencia". *E. Muñiz de León & Co. v. Melón Hnos. & Cía.*, 56 DPR 330, 333 (1940).

### D. Interferencia torticera de terceros con relaciones contractuales

En nuestro ordenamiento jurídico, se permite que al amparo del Art. 1536 del Código Civil, 31 LPRA sec. 10801, se inste una causa de acción por la interferencia torticera de terceros con obligaciones contractuales. *Gen. Office Prods. v. A.M. Capen's Sons*, 115 DPR 553, 558 (1984). Para que exista responsabilidad civil al amparo de la aludida figura, deberán concurrir los siguientes elementos: (1) existencia de un contrato con el cual interfiera un tercero; (2) culpa del tercero, bastando al respecto que el perjudicado presente hechos que permitan inferir que aquel actuó intencionalmente con conocimiento de la existencia del contrato; (3) daño al actor; y (4) que el daño sea consecuencia de la actuación culposa del tercero. *Jusino et als. v. Walgreens*, 155 DPR 560, 576 (2001). La responsabilidad del tercero es solidaria con la responsabilidad del contratante que incumple el contrato a sabiendas. *Íd.*, pág. 575; *Gen. Office Prods. v. A.M. Capen's Sons, supra*, pág. 559.

Por otra parte, en los casos de inexistencia de contratos a término fijo, al amparo de la teoría del "privilegio de la competencia", la relación contractual interferida adquiere las dimensiones de una expectativa de una relación económica provechosa. *Dolphin Int'l of P.R. v. Ryder Truck Lines*, 127 DPR 869, 884 (1991). El Tribunal Supremo ha enfatizado que tal relación no es suficiente para dar inicio a una acción por interferencia culposa con las relaciones contractuales de terceros. *Íd.* Dicho de otro modo, si lo que se afecta es una expectativa o una relación económica provechosa sin que medie contrato, la acción no procede. *Gen. Office Prods. v. A.M. Capen's Sons, supra*, pág. 559.

### E. Difamación

La Sección 8 del Artículo II de la Constitución del Estado Libre Asociado establece que "[t]oda persona tiene derecho a la protección de ley

contra ataques abusivos a su honra, a su reputación y a su vida privada o familiar". Const. P.R. Art. II Sec. 8. De esta disposición surge la protección a un ciudadano contra la difamación. La difamación se ha definido como "[d]esacreditar a una persona publicando cosas contra su reputación". *Pérez Rosado v. El Vocero de P.R.*, 149 DPR 427, 441 (1999). A su vez, la acción civil de daños y perjuicios ocasionados por difamación está estatuida en la Ley de Libelo y Calumnia. 32 LPRA sec. 3141 *et seq.*

La acción por difamación tiente dos vertientes en las cuales admite una reclamación por libelo y otra por calumnia. La Ley de Libelo y Calumnia, 32 LPRA sec. 3143, define el término calumnia como sigue:

> [L]a publicación falsa o ilegal, que no sea un libelo, y que impute a una persona la comisión de un hecho constitutivo de delito, o tienda directamente a perjudicarle con relación a su oficina, profesión, comercio o negocios, o que, como consecuencia natural, le cause daños reales y efectivos.

Por otro lado, y atinente al caso de autos, la referida ley, 32 LPRA sec. 3142, define el término libelo de la siguiente manera:

> [L]a difamación maliciosa que públicamente se hace en contra de una persona [...] tendente a exponer a dicha persona al odio del pueblo o a su desprecio, o a privarle del beneficio de la confianza pública y trato social, o a perjudicarle en sus negocios; o de otro modo desacreditarle, menospreciarle o deshonrarle, o cualquiera difamación maliciosa publicada, como antes se ha dicho, con la intención de denigrar o deprimir la memoria de un muerto y desacreditar o provocar a los parientes y amigos sobrevivientes.

El libelo requiere la existencia de un récord permanente de la expresión difamatoria, además de los otros elementos de la acción; mientras que la calumnia se configura cuando se hace una expresión verbal difamatoria, junto con los otros elementos de la acción. *Ojeda v. El Vocero de P.R.*, 137 DPR 315, 325-326 (1994). Para que prospere una acción por libelo el demandante deberá probar: (1) la falsedad de la información publicada; 2) los daños reales sufridos a causa de dicha publicación; 3) si el demandante es una figura privada, hay que demostrar que las expresiones fueron hechas negligentemente; 4) pero si el demandante es una figura pública, en vez, hay que demostrar que las expresiones se hicieron con malicia real, es decir, a sabiendas de que era falso o con grave

menosprecio de si era falso o no. (Citas omitidas). *Garib Bazain v. Clavell*, 135 DPR 475, 482 (1994). Asimismo, para prevalecer en una acción por difamación el demandante no solo debe probar que cierta información publicada era de contenido difamatorio, sino que se refiere a su persona de modo particular. *Sociedad de Gananciales v. El Vocero*, 135 DPR 122, 128 (1994).

A su vez, la prueba de malicia real o de negligencia deberá ser "clara, robusta y convincente". *Colón Pérez v. Televicentro de P.R.*, *supra*, a la pág. 725. Se ha reconocido que este criterio impone una carga "mucho más sólida que la preponderancia de la evidencia, pero menos rigurosa que la prueba más allá de toda duda razonable". *In Re Ruiz Rivera*, 168 DPR 246, 253 (2006). Este nivel más elevado de exigencia de prueba ofrece mayor protección a la libertad de expresión y establece "un tipo de privilegio limitado a favor de quien hace la expresión". *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 149 (2013).

Por otro lado, nuestro más Alto Foro ha establecido que "cuando se efectúan expresiones o publicaciones difamatorias que producen daños, sin que medie malicia o alguno de los elementos para que proceda la acción estatutaria de los daños por difamación, siempre procederá una acción de daños y perjuicios bajo el Artículo [1536] del Código Civil, *supra*, teniendo que probarse todos los elementos indispensables de dicha causa de acción". *Ojeda v. El Vocero de Puerto Rico*, 137 DPR 315, 326 (1994), citando a *Romany v. El Mundo, Inc.*, 89 DPR 604, 618 (1963).

Por último, para que la acción de difamación prospere, se requiere que el demandante demuestre que la actuación imputada a la parte demandada le causó daños reales. Si no hay daño, no hay acción jurídica, pues no hay remedio en nuestro derecho, debido a que falta uno de los elementos constitutivos de la causa de acción. *Ojeda v. El Vocero de P.R.*, *supra*, pág. 325.

El concepto de daño se ha definido como "el menoscabo que a consecuencia de un acontecimiento o evento determinado sufre una

persona, ya en sus bienes vitales naturales, ya en su propiedad o en su patrimonio". *Galib Frangie v. El Vocero*, 138 DPR 560, 571 (1995). También se refiere a "la actuación desfavorable de las circunstancias que a consecuencia de un hecho determinado se produce contra la voluntad de una persona y que afecta los bienes jurídicos que le pertenecen (personalidad, libertad, honor, patrimonio)". *Íd.* De ordinario, en pleitos como el presente, la persona perjudicada por la actuación difamatoria suele ser compensada por la lesión causada a su reputación y relaciones en la comunidad y por otros daños resultantes de dicha actuación, tales como los daños morales y las angustias mentales. *Íd.*, págs. 571-572.

**III.**

Mediante los recursos de epígrafe, los codemandantes impugnan las desestimaciones de las reclamaciones instadas contra las siguientes partes: (1) Hon. Miranda Torres, en su capacidad personal; (2) Lcda. Vega Conde, Asesora Ejecutiva del Municipio, en su capacidad personal; (3) Lcdo. Rivera Longchamps, Oficial Investigador; y (4) Lcdo. Vázquez García, abogado a cargo del manejo de erradicación de estorbos públicos previamente manejado por el Lcdo. Francis Martínez.

Destacamos que la *Demanda* de epígrafe se origina como consecuencia de la resolución de un contrato suscrito entre el Municipio y el bufete Francis & Gueits Law Offices. Para un cabal entendimiento, reseñamos que los codemandantes reclamaron daños por concepto de: (1) discrimen político; (2) difamación; (3) interferencia torticera con la relación contractual; (4) incumplimiento contractual; (5) ganancias dejadas de percibir, a raíz del incumplimiento contractual; e (6) enriquecimiento injusto del Municipio.

Así las cosas, adelantamos que las causas de acción relacionadas al alegado incumplimiento contractual únicamente proceden en contra de este último, quien es la parte contratante. Como corolario, la reclamación en concepto de ganancias dejadas de percibir, por derivarse del alegado incumplimiento contractual, solo procede contra el Municipio.

De manera similar, añadimos que las reclamaciones por el presunto enriquecimiento injusto del Municipio a expensas de Francis & Gueits solo proceden contra el Municipio. Tras un examen sosegado de las alegaciones, determinamos que no surge alegación alguna que le impute responsabilidad a otra parte, con excepción del Municipio, por la referida causa de acción.

### i. TA2025AP00124

Ahora bien, mediante el recurso **TA2025AP00124**, los codemandantes cuestionan la desestimación de la reclamación contra el Lcdo. Rivera Longchamps, su esposa y la SLG compuesta por ambos. A través del primer señalamiento de error, sostienen que el foro de instancia incidió al determinar que las alegaciones contra el codemandado eran especulativas o conclusiones de terceros. Añaden, mediante el segundo señalamiento de error, que la cláusula resolutoria del contrato no exime de responsabilidad al Lcdo. Rivera Longchamps, según concluyó el TPI.

Los codemandantes presentaron las siguientes reclamaciones contra el Lcdo. Rivera Longchamps: (1) difamación; (2) interferencia torticera con relaciones contractuales; (3) incumplimiento contractual; y (4) ganancias dejadas de percibir.

Según adelantamos, el foro de instancia actuó conforme a derecho al desestimar la causa de acción por incumplimiento contractual, ya que entre el Lcdo. Rivera Longchamps, su esposa, la SLG compuesta por ambos y los codemandantes no existía ninguna relación contractual. A su vez, la reclamación por las ganancias dejadas de percibir, por derivarse del incumplimiento contractual tampoco procede contra el codemandado. Debemos determinar si, tomando como ciertas las alegaciones de la *Demanda*, era posible sostener las restantes causas de acción, a saber, los daños por difamación e interferencia torticera.

Los codemandantes alegan que, el Lcdo. Rivera Longchamps, a tenor con sus funciones como Oficial Investigador, cuestionó la interpretación jurídica que el Lcdo. Francis Martínez le había otorgado al manejo de los casos sobre estorbos públicos. Consecuentemente, aducen que entre ambos

se suscitó una discrepancia relacionada a los procesos de expropiación forzosa de bienes públicos.

Añadieron que, durante el transcurso de la investigación, el codemandado presuntamente se enfocó en la afiliación política del Lcdo. Francis Martínez, ya que era contraria al partido político del Hon. Miranda Torres. Así las cosas, señalaron que el Lcdo. Rivera Longchamps le informó al Lcdo. Francis Martínez que, en aras de salvaguardar la imagen del alcalde, se estaría cancelando el Contrato. Así, pues, arguyeron que el Lcdo. Francis Martínez había sufrido discrimen político.

Tras evaluar las alegaciones relacionadas a la reclamación por interferencia torticera, no podemos inferir como proponen los apelantes que cumplen con el estándar de plausibilidad exigido. Surge de las propias alegaciones que el Lcdo. Rivera Longchamps, como parte de su encomienda como oficial investigador, difirió, cuestionó y, finalmente, se opuso a la interpretación jurídica del Lcdo. Francis Martínez. Ello de por sí, no equivale a que el codemandado interfirió de manera culposa o negligente con la relación contractual. El hecho de oponerse a la manera en la que el codemandante promovía los casos de estorbos públicos y expresar que la misma no era compatible con los intereses del Municipio no es suficiente para mantener vigente una reclamación sobre interferencia torticera.

Por otra parte, en cuanto a la alegada difamación, especificaron que el Lcdo. Rivera Longchamps, junto con el Lcdo. Vázquez García, inició una campaña de difamación en contra del Lcdo. Francis Martínez, al contactar a todos los potenciales terceros adquirentes y describir el trabajo realizado por el codemandante como uno incorrecto. No obstante, los codemandantes no alegaron, de manera particular, que sufrieron daños como consecuencia de la presunta difamación, incumpliendo así con los elementos necesarios para sostener la causa de acción. Siendo así, resulta forzoso concluir que el foro de instancia no cometió un error al desestimar las reclamaciones contra el Lcdo. Rivera Longchamps en virtud de la Regla 10.2 (5) de Procedimiento Civil, *supra.*

Mediante el segundo error señalado, esbozan que la cláusula resolutoria del Contrato no exime de responsabilidad al Lcdo. Rivera Longchamps. Advertimos que tal señalamiento induce a error. La reclamación contra el Lcdo. Rivera Longchamps fue desestimada, al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*, luego de que el TPI determinara que las alegaciones no cumplen con el estándar de plausibilidad.

Reconocemos que el foro de instancia emitió el siguiente pronunciamiento:

> Surgen de las alegaciones de la demanda el reconocimiento que la terminación del contrato de la parte demandante ocurrió mediante la determinación oficial del Alcalde de Caguas fechada el 12 de septiembre de 2023. Dicha comunicación oficial del Municipio de Caguas notificó el ejercicio de la cláusula resolutoria contenida en el contrato de Francis & Gueits. De las mismas no solo resalta [*sic*] la inexistencia de alegaciones no conclusorias que justifiquen la concesión de un remedio en contra el Lcdo. Rivera Longchamps, su esposa y la sociedad legal de gananciales.[4]

No obstante, a raíz de lo anterior, no podemos razonablemente concluir que el TPI determinó que la cláusula resolutoria exime de responsabilidad al Lcdo. Rivera Longchamps. De la expresión que antecede se desprende que el foro de instancia meramente destacó que, según lo pactado, el Municipio tenía completa discreción para resolver el Contrato por cualquier razón. Resulta forzoso concluir que el segundo error no fue cometido.

### ii. TA2025AP00210

Por otro lado, a través del recurso clasificado alfanuméricamente como **TA2025AP00210**, los codemandantes impugnan la determinación mediante la cual el foro de instancia desestimó la reclamación contra el Lcdo. Vázquez García, su esposa y la SLG compuesta por ambos. Nuevamente, aducen que el TPI incidió al determinar que las alegaciones en contra del codemandado son especulativas y conclusiones de terceros. Al

---

[4] Apéndice del recurso TA2025AP00124, Entrada Núm. 152, pág. 2.

igual, sostienen que cometió un error al dictaminar que la cláusula resolutoria del Contrato exime al Lcdo. Vázquez García de responsabilidad.

Conforme surge de la *Demanda,* los codemandantes reclamaron contra el Lcdo. Vázquez García daños por: (1) difamación; e (2) interferencia torticera. Las alegaciones contra el Lcdo. Vázquez García relacionadas a la alegada intervención torticera, se circunscriben a señalar que el Lcdo. Rivera Longchamps le indicó al Lcdo. Francis Martínez que el Lcdo. Vázquez García le expresó que, debido al pobre manejo de los casos, debían asignárseles a él.

Aun tomando como ciertas las alegaciones en contra del Lcdo. Vázquez García, las mismas no resultan suficiente para sostener una reclamación por interferencia torticera. No existe una alegación de interferencia directamente atribuible al Lcdo. Vázquez García, sino, como concluyó el foro de instancia, las mismas consisten en expresiones de terceros.

Más aun, los codemandantes arguyen que el Lcdo. Vázquez García, junto con el Lcdo. Rivera Longchamps difamó al Lcdo. Francis Martínez al contactor a los potenciales terceros adquirentes y criticar su trabajo. Según surge de la discusión que precede, los codemandantes no alegaron de manera específica haber sufrido un daño por la supuesta difamación. Como resultado, procedía desestimar tal reclamación por insuficiencia en las alegaciones.

Asimismo, a través del segundo señalamiento de error también sostienen que el foro de instancia incidió al determinar que la cláusula resolutoria exime de responsabilidad al Lcdo. Vázquez García. No obstante, al examinar la *Sentencia Parcial* que desestimó la reclamación contra el Lcdo. Vázquez García, nos percatamos de que la misma ni tan siquiera contiene expresión alguna respecto a la cláusula resolutoria. Los codemandantes se alejan de la realidad fáctica del caso al argüir que el foro de instancia determinó que la cláusula eximía al Lcdo. Vázquez García de

responsabilidad. Por tanto, no nos compete la discusión del referido señalamiento de error.

### iii. TA2025CE00192

Mediante el recurso **TA2025CE00192** los codemandantes cuestionan la desestimación de las reclamaciones contra el alcalde, Hon. Miranda Torres, en su carácter personal. Por este haber sido el proceder de los codemandantes, discutiremos los señalamientos de error de manera conjunta. En resumidas cuentas, aducen que el foro de instancia incidió al reconocerle al alcalde la defensa de inmunidad condicionada y al determinar que no surgen causas de acción contra este en su capacidad personal.

Comenzamos por destacar que los codemandantes solicitaron remedios contra el Hon. Miranda Torres por los daños causados a raíz de: (1) discrimen político; (2) ganancias dejadas de percibir; (3) incumplimiento contractual; y (4) enriquecimiento injusto del Municipio. Según adelantamos, las causas de acción relacionadas al incumplimiento contractual, las ganancias dejadas de percibir y el enriquecimiento injusto únicamente proceden contra el Municipio. Siendo así, resta determinar si el foro de instancia actuó conforme a derecho al determinar que, al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*, no procede la reclamación por discrimen político.

Para un cabal entendimiento, resumimos las alegaciones formuladas en contra del alcalde con relación al alegado discrimen político. Los codemandantes señalaron que el 12 de septiembre de 2023 recibieron una misiva suscrita por el Hon. Miranda Torres, en la cual se les notificó la cancelación del Contrato, vigente el 12 de octubre de 2023. Alegaron que, según expresado por el Lcdo. Rivera Longchamps, la resolución del Contrato respondió a un asunto de imagen del alcalde. De manera similar, sostuvieron que existía un esquema formado por contratistas y funcionarios, pagados por fondos públicos, que se dedicaban a trabajar para no afectar la imagen de este. A su vez, alegaron que el alcalde conocía que la investigación llevada a cabo estuvo dirigida por el discrimen político hacia

el Lcdo. Francis Martínez, quien no pertenece al mismo partido político que el Hon. Miranda Torres.

Tras el análisis correspondiente, concordamos con el criterio del foro de instancia al concluir los codemandantes no lograron derrotar la defensa de inmunidad condicionada que le cobija al Hon. Miranda Torres. Aun tomando como ciertas las alegaciones relacionadas al presunto discrimen político, las mismas no resultan suficientes para atribuirle responsabilidad personal al alcalde.

Por otra parte, no debemos perder de perspectiva que nos encontramos ante una reclamación la cual se deriva del ejercicio de una cláusula resolutoria pactada entre Francis & Gueits Law Offices y el Municipio. El Municipio, por virtud de su alcalde, tenía completa discreción para resolver el Contrato por cualquier motivo.

Finalmente, resulta menester destacar que el foro de instancia no descartó la posibilidad de que, culminado el descubrimiento de prueba, los codemandantes presenten nuevamente la reclamación en contra del alcalde en su carácter personal.

### iv. TA2025AP00193

Mediante el recurso **TA2025AP00193**, los codemandantes impugnan la desestimación de las reclamaciones contra la Lcda. Vega Conde, Asesora Ejecutiva del Municipio, en su carácter personal. Por este haber sido el proceder de los codemandantes, discutiremos los señalamientos de error de manera conjunta. En resumidas cuentas, alegaron que el foro de instancia incidió al aplicar la doctrina de inmunidad condicionada y al determinar que no surge una reclamación contra la Lcda. Vega Conde en su capacidad personal. Particularizan que, ante las supuestas actuaciones dolosas y maliciosas ejercidas por la codemandada, no le cobija la defensa de inmunidad condicionada.

Al igual que las reclamaciones instadas contra el Hon. Miranda Torres, los codemandantes reclamaron remedios contra la Lcda. Vega Conde por los daños causados a raíz de: (1) discrimen político; (2) ganancias

dejadas de percibir; (3) incumplimiento contractual; y (4) enriquecimiento injusto del Municipio. Según hemos establecido, las reclamaciones por las ganancias dejadas de percibir, incumplimiento contractual y enriquecimiento injusto solo proceden contra el Municipio. Así, pues, reiteramos que únicamente nos corresponde determinar si procedía la desestimación de la reclamación por discrimen político, en su capacidad personal, en virtud de la Regla 10.2 (5) de Procedimiento Civil, *supra*.

De manera específica, los codemandantes señalaron que, el 26 de abril de 2023, el Lcdo. Francis Martínez recibió una misiva por parte de la Lcda. Vega Conde, en la cual le informó que el Lcdo. Rivera Longchamps había sido designado como oficial investigador, a los fines de investigar el manejo de los casos de estorbos públicos. Relataron que, el Lcdo. Rivera Longchamps le expresó al Lcdo. Francis Martínez que, previo a iniciar la investigación el oficial investigador le había solicitado a la Lcda. Vega Conde investigar a qué partido pertenecía el codemandante y si había hecho aportaciones económicas al partido. Manifestaron que el Lcdo. Rivera Longchamps le comunicó al Lcdo. Francis Martínez que la Lcda. Vega Conde le había indicado que el codemandante no pertenecía al mismo partido que el alcalde. Señalaron que, posterior a la investigación, la Lcda. Vega Conde y el Lcdo. Rivera Longchamps ordenó paralizar la asignación de casos a Francis & Gueits Law Offices. Sostuvieron que la Lcda. Vega Conde y el Lcdo. Rivera Longchamps acordaron asignar los casos a la empresa del Lcdo. Vázquez García, City Renewall.

Adujeron que la Lcda. Vega Conde, como comisionada electoral del Precinto 083 de Caguas, colaboraba para adelantar los intereses políticos del Hon. Miranda Torres. Manifestaron que, debido al hecho de que la Lcda. Vega Conde fungía como comisionada electoral, anteponía los intereses del alcalde, en su capacidad personal, a los del Municipio.

Sobre las alegadas actuaciones maliciosas y dolosas de la codemandada, el foro de instancia determinó que fueron sustentadas por manifestaciones de terceros y, por tanto, resultan insuficientes para

conceder un remedio por discrimen político. Conforme surge, una gran parte de las alegaciones que componen la *Demanda* consisten en manifestaciones realizadas por el Lcdo. Rivera Longchamps sobre expresiones de terceros. Aun tomando como cierta la alegación de que el Lcdo. Rivera Longchamps expresó que la Lcda. Conde Vega había investigado si el Lcdo. Francis Martínez pertenecía al mismo partido político, ello consiste en expresiones de terceros no atribuibles a la codemandada.

En el caso de la Lcda. Vega Conde, la *Demanda* se encuentra ausente de alegaciones que le imputen de manera específica mala fe o dolo en el ejercicio de las decisiones discrecionales inherentes a su cargo como Asesora Ejecutiva. Como corolario, las actuaciones de la codemandada relacionadas a la resolución del Contrato y la investigación llevada a cabo por el Lcdo. Rivera Longchamps están cobijadas por la inmunidad condicionada que se les otorga a los funcionarios público en el descargue de sus funciones. Así, pues, el foro de instancia actuó conforme a derecho al desestimar la reclamación contra la Lcda. Vega Conde en su carácter personal.

**IV.**

Por los fundamentos que anteceden, se *confirman* los dictámenes apelados mediante los recursos **TA2025AP00124**, **TA2025AP00192**, **TA2025AP00210** y **TA2025CE00193**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Álvarez Esnard concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones